LOUIS SCHWARTZ, PLAINTIFF-APPELLANT, v. BOARD OF ALDERMEN OF THE CITY OF PATERSON, FRANK J. SCIRO, CITY CLERK OF THE CITY OF PATERSON, ALDERMAN DANIEL J. KONING, ALDERMAN HARRY E. GARDINER, ALDERMAN DOMINICK DE MARCO, ALDERMAN WILLIAM HICKS, ALDERMAN JOSEPH CURTIN, ALDERMAN JAIME AVALO, ALDERMAN JOHN R. PATTERSON, ALDERMAN JOHN J. PETRONE, ALDERMAN HARRY MORERE, ALDERMAN PAUL OTAVIO, ALDERMAN NATHAN PELLER AND CITY OF PATERSON, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued June 16, 1969—Decided June 30, 1969.

Before Judges SULLIVAN, FOLEY and LEWIS.

*Mr. Louis Schwartz* argued the cause for appellant (*Messrs. Schwartz & Schwartz,* attorneys).

*Mr. Joseph A. LaCava* argued the cause for respondents (*Mr. William A. Feldman,* on the brief; *Mr. Joseph L. Conn,* City Counsel, attorney).

PER CURIAM.  Plaintiff appeals from a final judgment in favor of defendants dismissing his amended complaint which sought to compel the reapportionment of the wards of the City of Paterson. 104 *N. J. Super.* 495. The suit was bottomed on the "one-man one-vote" principle enunciated in *Reynolds v. Sims,* 377 *U. S.* 533, 84 *S. Ct.* 1362, 12 *L. Ed.* 2d 506 (1964), specifically made applicable to municipal governments in *Avery v. Midland County,* 390 *U. S.* 474, 88 *S. Ct.* 1114, 20 *L. Ed.* 2d 45 (1968).

The present government of the City of Paterson consists of a mayor and board of aldermen, and several legislatively created municipal boards. To date, the electorate in Paterson has not availed itself of the opportunity to adopt a more modern, efficient type of municipal government. See *N. J. S. A.* 40:69A–1 *et seq.*

Prior to 1907 the Paterson municipal government consisted of a mayor and board of aldermen. In that year legislation was enacted creating three boards; a board of finance, a board of public works, and a board of fire and police commissioners, with members appointed by the mayor.

Most of the governmental powers formerly exercised by the board of aldermen were transferred to and vested in these new boards. At a later date the Legislature also created a special municipal excise board with power to license and regulate liquor establishments, thereby removing such power from the board of aldermen.

At the present time the board of aldermen consists of 11 members, one elected from each of the city's 11 wards. It has limited governmental powers and may exercise authority only in those areas not controlled by the aforementioned boards.

It is undisputed that the wards in Paterson are badly malapportioned as to population. According to the 1960 census, the population of the 4th ward is more than 20,000 persons and exceeds the combined population of the 6th, 7th, and 8th wards. Despite the foregoing, each ward elects one member to the board of aldermen. The trial court recognized that "there is very clearly a decided malapportionment" of the wards, but refused to grant the relief sought on the ground that the Paterson board of aldermen did not "possess general powers of government" and therefore the election of these officials did not come under the mandate of *Reynolds, supra,* and *Avery, supra.*

We conclude that the trial court took too limited a view of the powers and functions of the Paterson board of aldermen. It is true that over the years most of the powers of municipal government formerly exercised by the board of aldermen have been transferred to specially created boards. However, the board of aldermen possesses all of the powers, vested in the governing body by law, which have not been delegated to these boards. This includes numerous licensing and regulatory powers and even the power to increase or decrease the number of wards, or change the lines and boundaries thereof. *R. S.* 40:44–1 *et seq.*

The board of aldermen is the only elected body in the city government and is the only governing body as such in Paterson.

It is a manifest dilution of a citizen's right to equal representation on the board of aldermen, and a denial of equal protection of the laws, to have one alderman elected from each ward despite the gross disparity in population in the several wards. Reapportionment is required under *Reynolds, supra,* and *Avery, supra.*

The judgment herein is reversed and the cause remanded to the trial court with direction that reapportionment of the wards in the City of Paterson be ordered to the end that each alderman be elected from a ward as nearly equal in population to each other ward as is feasible. The trial court is to retain jurisdiction in the matter so that it can implement its judgment as needed, and grant such further or different relief, not inconsistent with this opinion, as may be appropriate.